**Lorenzo C. MORENO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–92–278–CR.**

Court of Appeals of Texas,
Corpus Christi.

July 29, 1993.

Rehearing Overruled Aug. 31, 1993.

Discretionary Review Refused
Nov. 17, 1993.

W.J. Sames, Corpus Christi, for appellant.

Carl Lewis, County Atty., Corpus Christi, for appellee.

Before FEDERICO G. HINOJOSA, Jr., KENNEDY and SEERDEN, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

A jury found appellant guilty of solicitation of prostitution and assessed punishment at 60 days' confinement and a $1,000 fine. By two points of error, appellant complains that the trial court erred by granting the State continuances, by denying appellant's motions to suppress and to dismiss the information, and by denying appellant's motion on entrapment. By a third point of error, appellant challenges the sufficiency of the evidence. We affirm the trial court's judgment.

On August 19, 1988, Officer Ruben Vela of the Corpus Christi Police Department worked as an undercover vice officer on the seawall. Appellant drove towards Vela in a truck about 9:40 p.m., made eye contact, and stopped the vehicle next to Vela. Vela greeted appellant, who asked what Vela was doing. Vela said he was "working." Appellant asked, "What do you have?"

Vela answered, "How about a blow job for ten dollars?" Appellant then asked Vela about his penile dimensions, to which Vela replied, "Real big." Appellant inquired whether it was "real thick," and Vela answered affirmatively. At some point, appellant asked, "Don't I know you?" and Vela recognized appellant as someone who had treated him for a knee injury.

Appellant invited Vela to his apartment. Appellant then exited his vehicle, stepped two or three steps down the seawall, and said, "Let me see it." Vela remained on the sidewalk and refused, and appellant began insisting, "Let me see. Let me see." Appellant then offered to meet Vela at the barge dock.

Appellant entered his truck, and Vela entered his vehicle and radioed the arrest team, parked across the street, giving them appellant's description and asking them to detain, identify, and arrest appellant. The arrest team followed appellant's truck to the barge dock, and Vela followed the arrest team. Appellant drove down a ramp leading to the barge dock and parked facing the water. The arrest team parked behind appellant and approached him, and Vela drove by the dock and saw them speaking with appellant on the dock and returned to the station to report. The team arrested appellant for solicitation of prostitution.

By his first point of error, appellant complains that the trial court erred and abused its discretion by granting the State's motions for continuances and by denying appellant's motions to suppress and to dismiss the information. Under the same point, appellant argues that the State violated rules governing the form for motions for continuance and that his State and federal constitutional rights to due process and a speedy trial have been violated. Appellant risks having the point overruled, as it is clearly multifarious; however, we will address his contentions in the interest of justice.

A criminal action may be continued on the written motion of the State or of the defendant, but only for as long as necessary, and only upon a showing of sufficient cause which is fully set forth in the motion. TEX. CODE CRIM.PROC.ANN. art. 29.03 (Vernon 1989). A defendant's constitutional rights become implicated when continuances act to deny his right to a speedy trial. The United States Supreme Court has developed a four-part balancing test to be used when determining whether an accused has been denied a speedy trial:

1) length of the delay,

2) reason for the delay,

3) defendant's assertion of speedy trial right, and

4) prejudice to the defendant from the delay.

*Barker v. Wingo*, 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *Chapman v. Evans*, 744 S.W.2d 133, 136 (Tex.Crim. App.1988); *Hart v. State*, 818 S.W.2d 430, 436 (Tex.App.—Corpus Christi 1991, no pet.).

Appellant complains that the State filed motions for continuance on November 14, 1988, and on February 20, 1992, and that the trial was not held until February 24, 1992, resulting in a delay of three and one-half years and prejudice to his case. Had the issue been that simple, we would agree with appellant. However, the record shows a complex history of quashed charging instruments and appeals. The trial court granted appellant's motion to quash on November 16, 1988, and the State appealed. On March 30, 1989, we issued our opinion and held that we had no jurisdiction to entertain the appeal. *State v. Moreno*, 769 S.W.2d 661 (Tex.App.— Corpus Christi 1989), *rev'd*, 807 S.W.2d 327 (Tex.Crim.App.1991). On April 10, 1991, the Court of Criminal Appeals reversed and remanded the case to us to consider the State's appeal, holding the State's right to appeal includes the right to appeal a ruling on a motion to quash that "effectively terminates the prosecution" in favor of the defendant, even though the State retains the opportunity to amend the charging instrument. *State v. Moreno*, 807 S.W.2d 327, 334 (Tex.Crim. App.1991). We then sustained the State's appeal and remanded the case to the trial court. *State v. Moreno*, 822 S.W.2d 754 (Tex.App.—Corpus Christi 1992, no pet.). We issued that opinion on January 9, 1992, and the trial court asked for announcements on February 14, 1992, at which time the State indicated that it desired a continuance. Trial was held on February 24, 1992.

The history of the case indicates that the three and one-half years of delay was due to appellate procedures and was not in the State's control. In this appeal, appellant can complain only of a ten-day delay from the date of announcements to the date of commencement of trial. While the record shows that the State gave no good cause in its written motion for continuance, the delay lasted only ten days, and appellant has shown no prejudice from this brief delay. We hold appellant's constitutional rights to due process and a speedy trial were not violated, and any error the trial court may have committed by granting the State a continuance without a showing of proper cause under the statute was harmless. We overrule appellant's first point of error.

By his second point of error, appellant complains that the trial court erred by denying his motion on entrapment.

The defense of entrapment is not available to a defendant who offers testimony inconsistent with the commission of the offense. *Melton v. State*, 713 S.W.2d 107, 112 (Tex.Crim.App.1986).[1] Appellant testified and denied committing the offense. Consequently, the defense of entrapment is not

---

1. The United States Supreme Court holds an entrapment defense is available to defendants in federal criminal prosecutions regardless of whether they admit or deny the defense, but the holding is grounded in federal criminal procedure, not on any constitutional rights of the accused. *See Mathews v. United States*, 485 U.S. 58, 63–66, 108 S.Ct. 883, 886–88, 99 L.Ed.2d 54 (1988). A deprivation of constitutional due process rights through outrageous government conduct is a defense which may be raised only in "the rarest and most outrageous circumstances." *United States v. Ivey*, 949 F.2d 759, 769 (5th Cir.1991).

Texas courts have declined to adopt the *Mathews* holding as a part of state law. *Hubbard v. State*, 770 S.W.2d 31, 39 (Tex.App.—Dallas 1989, pet. ref'd).

available to appellant. We overrule his second point of error.[2]

By his third point of error, appellant challenges the sufficiency of the evidence. He argues that the evidence is insufficient to show that he entered into any agreement to pay Vela for sexual conduct. He also argues that the evidence shows that he was entrapped by Vela.

When we review the sufficiency of the evidence in a criminal case, we view all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the crime established beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Prophet v. State*, 815 S.W.2d 836, 837 (Tex. App.—Corpus Christi 1991, pet. ref'd). We also apply this standard to cases involving circumstantial evidence. *Earhart v. State*, 823 S.W.2d 607, 616 (Tex.Crim.App.1991); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex. Crim.App.1983) (opinion on rehearing). We measure the sufficiency of the evidence against the indictment as incorporated into the jury charge. *Benson v. State*, 661 S.W.2d 708, 715 (Tex.Crim.App.1982) (opinion on rehearing). When the State does not object to a charge which places a higher burden of proof upon it, the State must meet that higher burden of proof. *Id.* at 716.

The court gave the following charge to the jury:

4.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 19th day of August, 1988, in Nueces County, Texas, the Defendant, LORENZO C. MORENO did knowingly agree to engage in sexual conduct, to-wit: $10.00 payable to said R. Vela, said deviate sexual intercourse being the contact of Lorenzo C. Moreno's mouth with R. Vela's penis, then you will find the Defendant guilty.

Unless you so find from the evidence beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the Defendant, and find him not guilty.

5.

"You are instructed that it is a defense to prosecution that a person engaged in the conduct charged against him because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense; however, conduct of law enforcement agents that merely affords a person an opportunity to commit an offense does not constitute entrapment.

"The term 'law enforcement agent' includes personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents.

"Therefore if you believe from the evidence beyond a reasonable doubt that the defendant committed the offense as alleged, but you further believe, or you have a reasonable doubt thereof, that he was induced to do so by R. Vela, a law enforcement officer, by persuasion or any other means likely to cause persons to do so, and that the conduct of R. Vela did not merely afford the defendant an opportunity to commit the offense, if any, you will find the defendant not guilty."

The State did not object to the charge.

We are uncertain whether the *Benson* holding should apply to issues included in a jury charge which do not relate to the essential elements of the offense. Nevertheless, the fact remains that the charge required the jury to find appellant not guilty upon finding that Officer Vela induced appellant to commit the offense. Since the State did not object to the charge, we hold that appellant's point of error requires us to review the sufficiency of the evidence with respect to both the commission of solicitation of prostitution and the affirmative defense of entrapment.

Taken in the light most favorable to the State, the evidence shows that appellant

---

**2.** Appellant does not argue that the government's conduct was so extreme and outrageous that it violated his constitutional due process rights.

approached Officer Vela, in an area male prostitutes were known to frequent, and asked him what he was doing. When Officer Vela replied that he was "working," appellant asked, "What do you have?" Officer Vela responded, "How about a blow job for ten dollars?" Appellant then exited his vehicle and began asking how large Vela's penis was. Appellant invited Vela to his apartment and asked to see Vela's penis. When Vela refused to let appellant see his penis, appellant offered to meet Vela at the barge dock. Appellant then immediately drove to that location.

We find this evidence sufficient to allow a rational jury to find beyond a reasonable doubt that appellant agreed to pay Vela $10.00 in exchange for Vela's allowing appellant to perform fellatio upon him. We also find the evidence sufficient to allow a rational jury to find that appellant was not entrapped by law enforcement personnel under the charge's instructions regarding entrapment. We overrule appellant's third point of error.

We AFFIRM the trial court's judgment.