**EX PARTE Dillon Travis MOY**

**NO. 14–16–00420–CR**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion Filed May 9, 2017

Rehearing En Banc Overruled
June 8, 2017

Discretionary Review Refused
October 18, 2017

L. T. "Butch" Bradt, Sugar Land, TX, for Appellant.

Jason Travis Bennyhoff, Richmond, TX, for State.

Panel consists of Justices Christopher, Jamison, and Donovan.

## OPINION

Martha Hill Jamison, Justice

Appellant Dillon Travis Moy, who was indicted for the felony offense of online solicitation of a minor under Texas Penal Code section 33.021(c), challenges in eight issues the constitutionality of the statute. Appellant filed a pretrial application for writ of habeas corpus in which he asserted that the online solicitation statute is unconstitutional on its face.[1] In the writ application, appellant argued that the statute (1) is unconstitutionally overbroad in violation of the First Amendment; (2) is unconstitutionally vague in violation of the Fifth and Fourteenth Amendments; and (3) unconstitutionally burdens interstate commerce in violation of the Dormant Commerce Clause by attempting to regulate the internet. The trial court denied relief.

On appeal, appellant brings the constitutional challenges that he raised below and others. Concluding that appellant did not preserve error as to the constitutional challenges brought for the first time on appeal, the statute is not overbroad or vague, and the statute does not unduly burden interstate commerce, we affirm.

### Discussion

Under Texas Penal Code section 33.021(c):

A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

Tex. Penal Code § 33.021(c).

At the time of appellant's indictment on June 30, 2015, "minor" was defined as "an individual who represents himself or herself to be younger than 17 years of age" or "an individual whom the actor believes to be younger than 17 years of age."[2] Act of June 18, 2005, 79th Leg., R.S. ch. 1273 § 1, 2005 Tex. Sess. Laws 1291 (amended 2015) (current version at Tex. Penal Code § 33.021(a)(1)). Also at the time of appellant's indictment, it "was not a defense to prosecution under Subsection (c) that . . .

---

1. *See Ex parte Thompson*, 442 S.W.3d 325, 333 (Tex. Crim. App. 2014) (acknowledging defendant may file pretrial application for writ of habeas corpus to raise facial challenge to constitutionality of statute that defines offense charged). Appellant did not argue that the statute was unconstitutional as applied to him.

2. The legislature amended this definition effective September 1, 2015 to be "an individual who is younger than 17 years of age" or "an individual whom the actor believes to be younger than 17 years of age." Tex. Penal Code § 33.021(a)(1).

the actor did not intend for the meeting to occur." Act of June 18, 2005, 79th Leg., R.S. ch. 1273 § 1, 2005 Tex. Sess. Laws 1291 (amended 2015) (current version at Tex. Penal Code § 33.021(d)).[3] An offense under this section is a second degree felony. Id. § 33.021(f).

## I. Waiver of Issues Not Raised Below

 We first address whether appellant preserved all of his appellate issues for our review. A defendant may not raise a facial challenge to the constitutionality of a statute for the first time on appeal.[4] Karenev v. State, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). And a reviewing court should not address the merits of an issue that has not been preserved for appeal. Ford v. State, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

In his pretrial application for writ of habeas corpus, appellant challenged the constitutionality of section 33.021(c) under the United States Constitution on the bases of (1) overbreadth, as a content-based restriction of speech in violation of the First Amendment; (2) vagueness, in viola-tion of the due process clauses in the Fifth and Fourteenth Amendments; and (3) undue restriction of commerce, in violation of the Dormant Commerce Clause. On appeal, appellant brings several additional constitutional challenges to the statute: (1) overbreadth, in violation of the due process clauses in the Fifth and Fourteenth Amendments; (2) overbreadth and vague-ness under the Texas Constitution; and (3) a strict liability offense, in violation of due process under the United States and Texas Constitutions.

Appellant may not raise facial constitutional challenges to a statute for the first time on appeal. See Karenev, 281 S.W.3d at 434; Ford, 305 S.W.3d at 532. Accordingly, appellant has forfeited his constitutional challenges that were not raised below. We address only appellant's constitutional challenges that were raised below.[5]

## II. Constitutional Challenges Raised Below

We now address appellant's facial constitutional challenges to the statute raised below on grounds of overbreadth, vague-

---

3. The legislature deleted this language from the current version of the statute. Tex. Penal Code § 33.021(d). Subsection (d) now reads only, "It is not a defense to prosecution under Subsection (c) that the meeting did not occur." Id.

4. An exception exists if a statute already has been held unconstitutional; in that circumstance, the statute is "void ab initio," and thus there is no valid law upon which to base the conviction. See Smith v. State, 463 S.W.3d 890, 896–97 (Tex. Crim. App. 2015); Ex parte Chance, 439 S.W.3d 918, 922 (Tex. Crim. App. 2014) (Cochran, J., concurring) (distinguishing constitutional challenges to a statute that has not been declared void, which may not be raised for the first time on appeal, from requests for relief from a statute that has been declared void, which can be raised for the first time on appeal). Because section 33.021(c) has not been held unconstitutional,

the exception is not triggered here. See State v. Paquette, 487 S.W.3d 286, 290 (Tex. App.–Beaumont 2016, no pet.); Ex parte Fisher, 481 S.W.3d 414, 420–21 (Tex. App.–Amarillo 2015, pet. ref'd); Ex parte Wheeler, 478 S.W.3d 89, 95–96 (Tex. App.–Houston [1st Dist.] 2015, pet. ref'd); Ex parte Zavala, 421 S.W.3d 227, 232 (Tex. App.–San Antonio 2013, pet. ref'd) (all holding that section 33.021(c) is not unconstitutionally overbroad or unconstitutionally vague on its face). The Texas Court of Criminal Appeals has held that subsection (b) is unconstitutional, see Ex parte Lo, 424 S.W.3d 10, 24 (Tex. Crim. App. 2013), but that holding does not invalidate subsection (c), the provision under which appellant was indicted.

5. Accordingly, we address only appellate issues one in part, two, five in part, and eight. Appellant has waived the remainder of his appellate issues.

ness, and undue restriction of commerce. Whether a statute is unconstitutional on its face is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). We begin with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Id.* at 14–15. Ordinarily, the party challenging the statute carries the burden to establish the statute's unconstitutionality. *Id.* at 15.

### A. Is section 33.021(c) a content-based regulation?

■ Appellant argues in his second issue that section 33.021(c) is a content-based regulation that criminalizes a "substantial amount of harmless speech." We address that issue first because it determines our standard of review.

■ The First Amendment—which prohibits laws "abridging the freedom of speech"—limits the government's power to regulate speech based on its substantive content. U.S. Const. amend. I; *Reed v. Town of Gilbert*, —— U.S. ——, 135 S.Ct. 2218, 2226, 192 L.Ed.2d 236 (2015); *State v. Stubbs*, 502 S.W.3d 218, 224 (Tex. App.–Houston [14th Dist.] 2016, pet. ref'd). Content-based regulations are those that distinguish favored from disfavored speech based on the idea or message expressed. *Lo*, 424 S.W.3d at 15; *Stubbs*, 502 S.W.3d at 224. These regulations operate to re-

strict particular viewpoints or public discussion of an entire topic or subject matter. *Stubbs*, 502 S.W.3d at 224 (citing *Reed*, 135 S.Ct. at 2229–30). In these situations, the usual presumption of constitutionality is reversed; the content-based statute is presumed invalid, and the State bears the burden to rebut this presumption.[6] *Lo*, 424 S.W.3d at 15; *Stubbs*, 502 S.W.3d at 224.

Based on his premise that the statute is a content-based restriction on protected speech, appellant asserts that we must presume the statute invalid and the State has the burden to demonstrate its validity. *See United States v. Stevens*, 559 U.S. 460, 468, 130 S.Ct. 1577, 176 L.Ed.2d 435 (2010) (holding statute that regulated expression based on content was "presumptively invalid and the Government [bore] the burden to rebut that presumption"). The State contends that the statute restricts conduct—not speech—and we must presume the statute is valid.

The Court of Criminal Appeals recently acknowledged that section 33.021(c) regulates "the *conduct* of requesting a minor to engage in illegal sexual acts." *Lo*, 424 S.W.3d at 17 (emphasis in original). As the court noted, section 33.021(c) is a solicitation statute, the likes of which have been routinely upheld because offers to engage in illegal transactions such as sexual assault of minors are categorically excluded

---

**6.** A statute that suppresses, disadvantages, or imposes differential burdens upon speech because of its content is subject to the most exacting or strict scrutiny. *Lo*, 424 S.W.3d at 15 (citing *Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 642, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994)). Such a regulation may be upheld only if it is necessary to serve a compelling state interest and employs the least speech-restrictive means to achieve its goal. *Id.*

Content-neutral regulation of the time, place, and manner of speech, as well as regulation of speech that can be justified without reference to its content, receives intermediate scrutiny. *Stubbs*, 502 S.W.3d at 224–25 (citing *Turner Broad. Sys.*, 512 U.S. at 642, 114 S.Ct. 2445, and *Ward v. Rock Against Racism*, 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989)). Such a regulation is permissible if it promotes a significant governmental interest and does not burden substantially more speech than necessary to further that interest. *Id.* at 225 (citing *McCullen v. Coakley*, —— U.S. ——, 134 S.Ct. 2518, 2534–35, 189 L.Ed.2d 502 (2014), and *Thompson*, 442 S.W.3d at 344).

from First Amendment protection. *Id.* at 16–17; *see also Ex parte Wheeler*, 478 S.W.3d 89, 94 (Tex. App.–Houston [1st Dist.] 2015, pet. ref'd).

██ Appellant acknowledges this language in *Lo* but contends it is dicta and not binding on this court. However, judicial dicta from the Court of Criminal Appeals, as a deliberate and unequivocal declaration of criminal law, is binding on this court as an intermediate court of appeals. *Murray v. State*, 261 S.W.3d 255, 257 (Tex. App.–Houston [14th Dist.] 2008), *aff'd*, 302 S.W.3d 874 (Tex. Crim. App. 2009); *McLendon v. State*, 167 S.W.3d 503, 507 (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd).

Our sister court recently held *Lo* compels the conclusion that the usual presumption of constitutionality applies to section 33.021(c), as it regulates conduct and speech that is not protected under the First Amendment. *See Wheeler*, 478 S.W.3d at 93–94. Lo was charged under section 33.021(b), which prohibited a person from communicating online in a sexually explicit manner with a minor if the person had the intent to arouse and gratify anyone's sexual desire. *Lo*, 424 S.W.3d at 17; *see also Wheeler*, 478 S.W.3d at 93. The Court of Criminal Appeals noted that section 33.021(b) restricted and punished speech based on its content. *Lo*, 424 S.W.3d at 17. The high court further noted that section 33.021(c) "provides an excellent contrast" because the gravamen of the offense is the conduct of soliciting sexual conduct from minors. *Id.* at 16–17; *see also Wheeler*, 478 S.W.3d at 93–94. The court contrasted section 33.021(b) as "very different [because it] prohibits and punishes speech based on its content." *Lo*, 424 S.W.3d at 17; *see also Wheeler*, 478 S.W.3d at 94.

We agree with our sister court that *Lo* requires us to conclude that section 33.021(c) regulates conduct and only unprotected speech. *See Wheeler*, 478 S.W.3d at 93–94. We therefore presume the statute's validity and place the burden of demonstrating unconstitutionality on appellant. *See id.* at 94 (citing numerous cases). We overrule appellant's second issue.

## B. Is section 33.021(c) unconstitutionally overbroad?

██ In his first and fifth issues, appellant challenges, among other things, the constitutionality of section 33.021(c) as overbroad under the First Amendment. A statute is facially invalid under the First Amendment's overbreadth doctrine if it prohibits a "substantial" amount of protected speech "judged in relation to the statute's plainly legitimate sweep." *Lo*, 424 S.W.3d at 18 (quoting *Virginia v. Hicks*, 539 U.S. 113, 118–19, 123 S.Ct. 2191, 156 L.Ed.2d 148 (2003)); *see also Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). The overbreadth claimant bears the burden of demonstrating from the text of the law and from actual fact that substantial overbreadth exists. *Hicks*, 539 U.S. at 122, 123 S.Ct. 2191. The overbreadth doctrine is "strong medicine" to be employed sparingly and only as a last resort. *Stubbs*, 502 S.W.3d at 232. A statute will not be invalidated for overbreadth merely because it is possible to imagine some unconstitutional applications. *Id.*

Several of our sister courts have held that section 33.021(c) is not unconstitutionally overbroad. *See, e.g., Ex Parte Ingram*, No. 04-15-00459-CR, 2016 WL 1690493, at *5 (Tex. App.–San Antonio Apr. 27, 2016, pet. granted) (mem. op., not designated for publication); *State v. Paquette*, 487 S.W.3d 286, 290 (Tex. App.–Beaumont 2016, no pet.); *Mower v. State*, No. 03-14-00094-CR, 2016 WL 1426517, at *4 (Tex. App.–Austin

Apr. 7, 2016, no pet.) (mem. op., not designated for publication); *Wheeler*, 478 S.W.3d at 94–95. Nevertheless, appellant invites us to depart from these holdings in light of his argument that the statute regulates a defendant's thoughts in the form of the "belief"—not necessarily the fact—that the person receiving online communications is a minor. In other words, appellant argues the statute prohibits communications with persons who are not actually minors and thus criminalizes protected speech between adults. *See* Act of June 18, 2005, 79th Leg., R.S. ch. 1273 § 1, 2005 Tex. Sess. Laws 1291 (amended 2015) (defining "minor" as "an individual who represents himself or herself to be younger than 17 years of age" or "an individual whom the actor believes to be younger than 17 years of age").

Appellant is correct that the statute under which he was charged prohibits sexually explicit communication with "an individual who represents himself or herself to be younger than 17 years of age" or "an individual whom the actor believes to be younger than 17 years of age," which could include speech between adults.[7] However, the Court of Criminal Appeals in *Lo* observed that the compelling interest of protecting children from sexual predators, i.e., the law's legitimate sweep, is well served by the prohibition on child solicitation in subsection (c). *See Lo*, 424 S.W.3d at 23.

In enacting the statute, the legislature understood that, among other things, it would permit police officers "to pos[e] as ... minor[s]" to intercept sexual predators before they "physically appear" at a meeting place for the purposes of engaging in sexual activity with a child. Senate Criminal Justice Comm., Bill Analysis, Tex. H.B. 2228, 79th Leg., R.S. (2005). Supporters also noted, "By criminalizing online sexually explicit communication with a child, the bill would allow law enforcement to stop an offender before the offender could injure the child. It also would serve as a deterrent to potential offenders." House Criminal Jurisprudence Comm., Bill Analysis, H.B. 2228, 79th Leg., R.S. (2005).

Judging the statute in relation to its plainly legitimate sweep, we conclude that any regulation of communication between adults is insubstantial. *See Wheeler*, 478 S.W.3d at 95; *see also Ex Parte Victorick*, No. 09-13-00551-CR, 2014 WL 2152129, at *5 (Tex. App.–Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication) ("The fact that the statute defines 'minor' to include otherwise legal communications with someone who may actually be over the age of 17 would not make the statute unconstitutionally overbroad because the 'overbreadth,' if any, would not be substantial when compared to the compelling and legitimate purpose of the statute."). Moreover, as our sister court has noted, whatever overbreadth exists can be cured by thorough and case-by-case analysis and judicious use of prosecutorial discretion. *Wheeler*, 478 S.W.3d at 95.

Appellant relies on the Supreme Court's decisions in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152

---

7. Appellant also complains that the statute criminalizes "ageplay" between consenting adults. Ageplay is roleplaying between adults who take on age related roles. We note that appellant did not make this argument below, although he attached an exhibit to his application for writ of habeas corpus that discusses ageplay and the exhibit was admitted at the hearing. However, ageplay is not discussed in the writ application and was not discussed during the hearing. Even if it had been, our sister courts have held that "the legitimate reach of Penal Code section 33.021(c) dwarfs the threat of its arguably impermissible application to innocent ageplayers." *Wheeler*, 478 S.W.3d at 95; *see also Ex Parte Fisher*, 481 S.W.3d 414, 420 (Tex. App.–Amarillo 2015, pet. ref'd).

L.Ed.2d 403 (2002), and *Reno v. ACLU*, 521 U.S. 844, 117 S.Ct. 2329, 138 L.Ed.2d 874 (1997), to support his argument that section 33.021(c) unconstitutionally sweeps in First Amendment speech. But those cases both struck down statutes that prohibited the distribution of information over the internet. *See Free Speech Coalition*, 535 U.S. at 241–42, 258, 122 S.Ct. 1389 (striking statute prohibiting possession and dissemination of "virtual" child pornography); *ACLU*, 521 U.S. at 849, 859–60, 117 S.Ct. 2329 (striking statute prohibiting "knowing" dissemination of "indecent" and "obscene" communications to children over the internet). In *Free Speech Coalition*, the Court concluded that the government cannot ban speech fit for adults simply because it may fall into the hands of children. 535 U.S. at 252, 122 S.Ct. 1389. The Court stated, "That the evil in question depends upon the actor's unlawful conduct, defined as criminal quite apart from any link to the speech in question, establishes that the speech ban is not narrowly drawn." *Id.* at 236, 122 S.Ct. 1389. The Court in *ACLU* found the subject statute to be a content-based blanket restriction on speech. 521 U.S. at 868, 117 S.Ct. 2329. As discussed, section 33.021, by contrast, prohibits conduct—soliciting sexual conduct from minors. *See Lo*, 424 S.W.3d at 16–17; *Wheeler*, 478 S.W.3d at 93–94.

We reach the same conclusion as our sister courts and hold that section 33.021(c) is not unconstitutionally overbroad. We overrule appellant's First Amendment overbreadth challenge.

### C. Is section 33.021(c) unconstitutionally vague?

 Also in his fifth issue, appellant challenges section 33.021(c) for vagueness. Appellant argued below that section 33.021(c) is unconstitutionally vague because it "forbids 'solicitation' that is not intended to result in a meeting." On appeal, appellant additionally argues the statute is vague because "Internet" is not defined and might include certain telephonic communications and the definition of "minor" can—but does not necessarily—include someone over 17 years old. Because appellant did not bring these additional arguments below, they are waived. *See Ford*, 305 S.W.3d at 532. We address only appellant's argument regarding the requisite intent for solicitation.

 Under the void-for-vagueness doctrine, a statute will be invalidated if it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited. *See State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006). Statutes are not necessarily unconstitutionally vague merely because the words or terms employed in the statute are not defined. *See Engelking v. State*, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988). When the words used in a statute are not otherwise defined in the statute, we will give the words their plain meaning. *See Parker v. State*, 985 S.W.2d 460, 464 (Tex. Crim. App. 1999).

The plain language of section 33.021(c) includes an intent element: "A person commits an offense if the person . . . knowingly solicits a minor to meet another person . . . *with the intent* that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person." Tex. Penal Code § 33.021(c) (emphasis added). The prohibited conduct is the act of "soliciting." *Ex Parte Zavala*, 421 S.W.3d 227, 232 (Tex. App.–San Antonio 2013, pet. ref'd). The crime of solicitation is complete at the time of the online communication. *Id.* (citing *Lo*, 424 S.W.3d at 22–23).

Our sister courts have held that "intent" in the context of the statute refers likewise to the actor's intent at the time of the solicitation, i.e., at the time of the communication with the minor. *See id.* ("The requisite intent arises within the conduct of soliciting the minor, and must exist at the time of the prohibited conduct of solicitation."); *see also Wheeler,* 478 S.W.3d at 95–96 (same). Thus, it does not matter whether an actual meeting later occurs.

Appellant argues, however, as did Zavala, that the statute is vague because the requisite intent in section 33.021(c) conflicts with section 33.021(d)(2), which was in effect when appellant was indicted.[8] *See Zavala,* 421 S.W.3d at 232. That version states, "It is not a defense to prosecution under Subsection (c) that ... the actor did not intend for the meeting to occur."[9] Act of June 18, 2005, 79th Leg., R.S. ch. 1273 § 1, 2005 Tex. Sess. Laws 1291 (amended 2015). Thus, according to appellant, the statute permits conviction even of one who did not intend at the time of solicitation for a meeting to occur.

Two of our sister courts have held that intent under subsection (c) must exist at the time of the prohibited conduct of solicitation. *Wheeler,* 478 S.W.3d at 95, 97; *Zavala,* 421 S.W.3d at 232. Accordingly, subsection (d)(2) did not relieve the State of its burden to prove that the defendant had the specific intent to meet at the time of the solicitation. *Wheeler,* 478 S.W.3d at 95, 97; *Zavala,* 421 S.W.3d at 232. We agree with this interpretation of the statute. Accordingly, we conclude appellant's argument that the statute can be interpreted to prohibit solicitation that is *not intended* to result in a meeting is without merit.

We conclude that section 33.021 is not unconstitutionally vague because it cannot be interpreted to prohibit online communications that were not intended to result in a meeting. We overrule appellant's vagueness challenge.

## D. Does section 33.021 violate the Dormant Commerce Clause?

 In his eighth issue, appellant contends that section 33.021 violates the Dormant Commerce Clause by "unduly burden[ing] interstate commerce by attempting to place regulations on Internet users everywhere." *See* U.S. Const. art. I, § 8. An evenhanded regulation intended to "effectuate a legitimate local public interest" does not violate the Dormant Commerce Clause unless the regulation imposes burdens on interstate commerce that are clearly excessive in relation to the putative local benefits. *See Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970); *see also Paquette,* 487 S.W.3d at 291; *Wheeler,* 478 S.W.3d at 97. If there is a legitimate local purpose, then the question becomes one of degree. *Pike,* 397 U.S. at 142, 90 S.Ct. 844; *Wheeler,* 478 S.W.3d at 97. The extent to which the burden will be tolerated will depend on the nature of the local interest involved and on whether it could be promoted as well with a lesser impact on interstate activities. *Pike,* 397 U.S. at 142, 90 S.Ct. 844; *Wheeler,* 478 S.W.3d at 97.

In support of his argument that section 33.021(c) imposes an excessive burden on interstate commerce, appellant cites *American Libraries Association v. Pataki,* which struck down a statute criminalizing the use of a computer to communicate sexually explicit materials to minors. 969

---

8. The same version also was in effect when Zavala was charged. *Zavala,* 421 S.W.3d at 229.

9. As discussed, the statute has been amended to remove this language. *See* Tex. Penal Code § 33.021(d).

F.Supp. 160, 182–83 (S.D.N.Y. 1997). In *Pataki*, the defendants did "not challenge the sections of the statute that ... prohibit adults from luring children into sexual contact by communicating with them via the Internet." *Id.* at 179. Rather, the challenged portion of the statute was aimed at limiting exposure by minors to harmful content. *Id.* at 163. The court ultimately found that part of the statute imposed a burden on interstate commerce that was disproportionate to the local benefits of regulation. *Id.* at 167.

Section 33.021, by contrast, does not punish communication of explicit materials to minors. *Wheeler*, 478 S.W.3d at 97. Instead, it criminalizes online solicitation of minors with the intent to engage in sexual conduct. *Id.*

Protecting children from sexual predators is a legitimate local public interest. *See Lo*, 424 S.W.3d at 21 ("There is no question that the State has a right—indeed a solemn duty—to protect young children from the harm that would be inflicted upon them by sexual predators."); *Wheeler*, 478 S.W.3d at 97 (same). Any effect of the statute on interstate commerce is only incidental in relation to the local benefit of the statute. *Wheeler*, 478 S.W.3d at 97. The statute is evenhanded. *Id.*

We reject appellant's challenge to section 33.021 under the Dormant Commerce Clause. *See Huron Portland Cement Co. v. City of Detroit*, 362 U.S. 440, 443, 80 S.Ct. 813, 4 L.Ed.2d 852 (1960) (acknowledging that evenhanded local regulation to effectuate a legitimate local public interest is valid when it is not unduly burdensome on interstate commerce); *Wheeler*, 478

S.W.3d at 97. We overrule appellant's eighth issue.

### Conclusion

Concluding that section 33.021(c) is not constitutionally overbroad in violation of the First Amendment, is not vague, and does not violate the Dormant Commerce Clause, we affirm.[10]

---

10. We note that the Court of Criminal Appeals has recently granted petitions for review in two cases involving the constitutionality of section 33.021(c). *See Ingram*, 2016 WL 1690493; *Leax v. State*, No. 09-14-00452-CR, 2016 WL 1468042 (Tex. App.–Beaumont Apr. 13, 2016, pet. granted) (mem. op., not designated for publication). We have no reason to believe that the court will depart from its reasoning carefully laid out in *Lo. See Lo*, 424 S.W.3d at 16–17.