**Opinion issued November 26, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00325-CR

———————————

## EX PARTE JOSHUA JERMAINE NELSON, Appellant

---

**On Appeal from the 458th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 15-DCR-068407**

---

## MEMORANDUM OPINION

Appellant, Joshua Jermaine Nelson, appeals from the trial court's denial of his amended application for a writ of habeas corpus. In eight issues, appellant contends that the trial court erred in denying him habeas relief.

We affirm.

**Background**

A Fort Bend County Grand Jury issued a true bill of indictment, alleging that appellant, on or about November 19, 2014, "did then and there, over the Internet, or by electronic mail, or by a commercial online service, knowingly solicit [the complainant], an individual who represented himself to be younger than [seventeen] years of age or an individual whom [appellant] believed to be younger than [seventeen] years of age, and not the spouse of [appellant], to meet [appellant] with the intent that [the complainant would] engage in sexual contact or sexual intercourse with [appellant]." Appellant pleaded not guilty to the felony offense of online solicitation of a minor as alleged in the indictment.[1]

On April 22, 2019, appellant filed his amended application for a writ of habeas corpus, asserting that he was entitled to habeas relief because the statute under which he is indicted—Texas Penal Code section 33.021(c)—is unconstitutional and void. Appellant asserted:

- "Section 33.021 is unconstitutionally overbroad on its face under the First Amendment [to the United States Constitution] because it is a content-based restriction that severely criminalizes a substantial amount of speech protected under the First Amendment";

- "Section 33.021 is unconstitutionally vague under the Fifth and Fourteenth Amendments [to the United States Constitution] because men of common intelligence must necessarily guess at its meaning and differ as to its application";

---

[1]  *See* TEX. PENAL CODE ANN. § 33.021(c), (f).

2

- "Section 33.021 violates the Dormant Commerce Clause [of the United States Constitution] because it unduly burdens interstate commerce by attempting to place regulations on the entirety of the Internet"; and

- "Section 33.021 allows law enforcement to entrap persons such as [appellant] and is therefore unconstitutional as applied."

The trial court denied appellant's amended application for habeas relief.

**Standard of Review**

We review a trial court's ruling on a pretrial application for a writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In conducting our review, we view the facts in the light most favorable to the trial court's ruling and defer to the trial court's implied findings that the record supports. *See Washington*, 326 S.W.3d at 704 (citing *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006)). The applicant has the burden to prove his claims by a preponderance of the evidence. *Id.* at 706; *Ex parte Graves*, 271 S.W.3d 801, 803 (Tex. App.—Waco 2008, pet. ref'd). We will uphold the trial court's judgment on any theory of law applicable to the case. *Ex parte Evans*, 410 S.W.3d 481, 484 (Tex. App.—Fort Worth 2013, pet. ref'd).

We review the constitutionality of a criminal statute de novo, as a question of law. *See Ex parte Lo*, 424 S.W.3d 10, 14–15 (Tex. 2013); *Ex parte Wheeler*, 478 S.W.3d 89, 93 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). Ordinarily, when

3

reviewing the constitutionality of a statute, we presume that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily. *See Ex parte Lo*, 424 S.W.3d at 14–15; *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002); *Ex parte Wheeler*, 478 S.W.3d at 93. If a statute can be construed in two ways, one of which sustains its validity, we apply the interpretation that sustains its validity. *Duncantell v. State*, 230 S.W.3d 835, 843 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). The party challenging the statute carries the burden of establishing its unconstitutionality. *See Ex parte Lo*, 424 S.W.3d at 15; *Rodriguez*, 93 S.W.3d at 69. We must uphold the statute if we can determine a reasonable construction that will render it constitutional. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979).

## Habeas Relief

In his eight issues, appellant argues that the trial court erred in denying him habeas relief because Texas Penal Code section 33.021(c) is "unconstitutionally overbroad" in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, sections 8 and 19 of the Texas Constitution; "unconstitutional on its face" in violation of the First Amendment to the United States Constitution and Article I, section 8 of the Texas Constitution "as it is a content-based [regulation] that severely criminalizes a substantial amount of harmless speech between adults"; "unconstitutionally vague and overbroad" in

4

violation of the United States Constitution and the Texas Constitution; unconstitutional in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the "Due Course of Law provision of the Texas Constitution" as it "fails to require the State to prove that [a]ppellant had a culpable mental state . . . relating to the complain[ant's] . . . age" and it "fails to recognize the affirmative defense based upon [a]ppellant's reasonable belief that the complain[ant] . . . was [seventeen] years of age or older at the time of the alleged offense"; and unconstitutional in violation of the Dormant Commerce Clause of the United States Constitution. *See* U.S. CONST. art. I, § 8, cl. 3; U.S. CONST. amends. I, V, XIV; TEX. CONST. art. I, §§ 8, 19.

Texas Penal Code section 33.021(c) defines the offense of online solicitation of a minor as follows:

> A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

TEX. PENAL CODE ANN. § 33.021(c). At the time of appellant's indictment, "[m]inor" was defined as "an individual who represents himself . . . to be younger than [seventeen] years of age" or "an individual whom the actor believes to be

5

younger than [seventeen] years of age."[2]  Act of June 18, 2005, 79th Leg., R.S. ch. 1273 § 1, 2005 Tex. Sess. Laws 1291 (amended 2015) (current version at TEX. PENAL CODE ANN. § 33.021(a)(1)).  And it was not "a defense to prosecution under [section 33.021(c)] that . . . the actor did not intend for the meeting to occur."[3]  Act of June 18, 2005, 79th Leg., R.S. ch. 1273 § 1, 2005 Tex. Sess. Laws 1291 (amended 2015) (current version at TEX. PENAL CODE ANN. § 33.021(d)).

## A.     Waiver

In a portion of his fifth issue, as well as, his third, fourth, and seventh issues, appellant argues that the trial court erred in denying him habeas relief because Texas Penal Code section 33.021(c) violates certain provisions of the Texas Constitution. Yet, appellant, in his amended application for a writ of habeas corpus, only argued to the trial court that he was entitled to habeas relief because Texas Penal Code section 33.021(c) "violates the First Amendment, the Due Process Clause, and the Dormant Commerce Clause" of the United States Constitution.  He did not assert that section 33.021(c) violates the Texas Constitution.

---

[2]     The Legislature amended this definition, effective September 1, 2015, to define a "[m]inor" as "an individual who is younger than [seventeen] years of age" or "an individual whom the actor believes to be younger than [seventeen] years of age." *Id.* § 33.021(a)(1).

[3]     The Legislature deleted this language from the current version of the statute. *See* TEX. PENAL CODE ANN. § 33.021(d).  Section 33.021(d) now only states: "It is not a defense to prosecution under [section 33.021(c)] that the meeting did not occur." *Id.*

To preserve error, Texas Rule of Appellate Procedure 33.1(a) requires a complaining party to make a specific objection or complaint and obtain a ruling on it before the trial court. *See* TEX. R. APP. P. 33.1(a); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Ex parte James*, Nos. 01-05-00282-CR, 01-05-00480-CR to 01-05-00485-CR, 2005 WL 1540791, at *3 (Tex. App.—Houston [1st Dist.] June 30, 2015, no pet.) (mem. op., not designated for publication) ("[A]ppellant did not preserve th[e] issue for [appellate] review because he did not raise th[e] complaint to the [trial] court in his applications for writs of habeas corpus or at the hearing."). And issues on appeal must track the arguments made in the trial court. *See Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd); *see also Ex parte Letizia*, No. 01-16-00808-CR, 2019 WL 610719, at *4 (Tex. App.—Houston [1st Dist.] Feb. 14, 2019, pet. ref'd) (mem. op., not designated for publication) (appellant did not preserve argument for appellate review because he did not raise it in trial court in his application for writ of habeas corpus). "Where a trial [complaint] does not comport with the issue raised on appeal, [an] appellant . . . preserve[s] nothing for review." *Wright*, 154 S.W.3d at 241; *see also Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (appellate court should not address merits of issue not preserved for appeal); *Ex parte Evans*, 410 S.W.3d at 485 (declining to consider argument that appellant did not raise in application for writ of habeas corpus in trial court); *State v. Romero*, 962 S.W.2d 143, 144 (Tex.

7

App.—Houston [1st Dist.] 1997, no pet.). Because appellant did not argue in his amended application for a writ of habeas corpus that he was entitled to habeas relief because Texas Penal Code section 33.021(c) violates certain provisions of the Texas Constitution, we hold that appellant has not preserved for our review his third, fourth, and seventh issues, as well as, the portion of his fifth issue in which asserts that section 33.021(c) is "unconstitutionally vague and overbroad under . . . [the] Texas Constitution[]."[4] *See* TEX. R. APP. P. 33.1(a); *Ex parte Perez*, 536 S.W.3d 877, 880 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("In reviewing an order denying habeas relief, an intermediate court of appeals only reviews issues that were properly raised in the habeas petition and addressed by the trial court."); *Ex parte Bui*, 983 S.W.2d 73, 76 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see also Ex parte Moy*, 523 S.W.3d 830, 834 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (only addressing constitutional challenges to Texas Penal Code section 33.021 raised in appellant's pretrial application for writ of habeas corpus).

In his sixth issue, appellant argues that the trial court erred in denying him habeas relief because Texas Penal Code section 33.021(c) is unconstitutional in violation of the Due Process Clause of the Fourteenth Amendment to the United

---

[4]     We note that our sister appellate court has rejected on the merits the exact arguments raised by appellant in his third, fourth, and seventh issues, as well as, the aforementioned portion of his fifth issue. *See Ex parte Victorick*, No. 09-13-00551-CR, 2014 WL 2152129, at *1–7 (Tex. App.—Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication).

8

States Constitution as it "fails to require the State to prove that [a]ppellant had a culpable mental state . . . relating to the complain[ant's] . . . age" and "fails to recognize the affirmative defense based upon [a]ppellant's reasonable belief that the complain[ant] . . . was [seventeen] years of age or older at the time of the alleged offense." Appellant did not raise this argument in his amended application for a writ of habeas corpus filed in the trial court. We therefore hold that appellant has also not preserved his sixth issue for our review.[5] *See* TEX. R. APP. P. 33.1(a); *Ex parte Perez*, 536 S.W.3d at 880; *Ex parte Bui*, 983 S.W.2d at 76; *see also Ex parte Moy*, 523 S.W.3d at 834.

## B.      Content-Based Regulation

In his second issue, appellate argues that the trial court erred in denying him habeas relief because Texas Penal Code section 33.021(c) violates the First Amendment to the United States Constitution "as it is a content-based [regulation] that severely criminalizes a substantial amount of harmless speech between adults that is protected under the First Amendment." *See* U.S. CONST. amend. I. We address this issue first because it determines our standard of review.

The First Amendment to the United States Constitution, which prohibits laws "abridging the freedom of speech" and applies to the States through the Fourteenth

---

[5]      In any event, our sister appellate court has rejected on the merits the exact argument raised by appellant in his sixth issue. *See id.* at \*7.

9

Amendment, limits the government's power to regulate speech based on its substantive content. *Id.*; *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2226 (2015) (content-based regulation punishes speech based on its content); *Ex parte Moy*, 523 S.W.3d at 835. Content-based regulations distinguish favored from disfavored speech based on the idea or message expressed. *Ex parte Lo*, 424 S.W.3d at 15; *Ex parte Moy*, 523 S.W.3d at 835. And such regulations operate to restrict particular viewpoints or public discussion of an entire topic or subject matter. *Ex parte Moy*, 523 S.W.3d at 835. In these situations, the usual presumption of constitutionality does not apply; the content-based regulation is presumed invalid, and the State bears the burden of rebutting this presumption. *Ex parte Lo*, 424 S.W.3d at 15; *Ex parte Moy*, 523 S.W.3d at 835; *Ex parte Wheeler*, 478 S.W.3d at 93. This is because regulations that suppress, disadvantage, or impose differential burdens upon speech because of its content are subject to the most exacting scrutiny. *Ex parte Lo*, 424 S.W.3d at 15; *Ex parte Wheeler*, 478 S.W.3d at 93. That said, if a regulation punishes conduct rather than speech, a court applies a more deferential level of review, considering whether the regulation has a rational relationship to a legitimate state purpose. *See Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973).

The Court of Criminal Appeals has stated that Texas Penal Code section 33.021(c) regulates "the *conduct* of requesting a minor to engage in illegal sexual acts." *Ex parte Lo*, 424 S.W.3d at 16–17 (emphasis added); *see also Mahmoud v.*

10

*State*, No. 09-17-00483-CR, 2019 WL 1461067, at *2 (Tex. App.—Beaumont Apr. 3, 2019, pet. ref'd) (mem. op., not designated for publication) ("[S]ection 33.021(c) is a conduct-based statute and does not criminalize protected speech . . . ."); *Delacruz v. State*, No. 07-15-00230-CR, 2017 WL 2822513, at *3–4 (Tex. App.—Amarillo June 29, 2017, no pet.) (mem. op., not designated for publication); *Ex parte Moy*, 523 S.W.3d at 835–36; *Salgado v. State*, 492 S.W.3d 394, 396–97 (Tex. App.—Beaumont 2016, no pet.); *Alvarez v. State*, No. 11-15-00201-CR, 2016 WL 859363, at *2 (Tex. App.—Eastland Mar. 3, 2016, pet. ref'd) (mem. op., not designated for publication); *Chapman v. State*, No. 11-15-00215-CR, 2016 WL 859366, at *1–2 (Tex. App.—Eastland Mar. 3, 2016, pet. ref'd) (mem. op., not designated for publication); *State v. Paquette*, 487 S.W.3d 286, 288–89 (Tex. App.—Beaumont 2016, no pet.); *Ex parte Fisher*, 481 S.W.3d 414, 417–19 (Tex. App.—Amarillo 2015, pet. ref'd); *Ex parte Victorick*, No. 09-13-00551-CR, 2014 WL 2152129, at *2–4 (Tex. App.—Beaumont May 21, 2014, pet. ref'd) (mem. op., not designated for publication); *Ex parte Zavala*, 421 S.W.3d 227, 231–32 (Tex. App.—San Antonio 2013, pet. ref'd).  And the court has explained that section 33.021(c) is a solicitation statute and such statutes have been routinely upheld because an offer to engage in an illegal transaction such as the sexual assault of a minor is categorically excluded from First Amendment protection. *Ex parte Lo*, 424 S.W.3d at 16–17; *see also Ex parte Moy*, 523 S.W.3d at 835–36.

We have also held that section 33.021(c) regulates only conduct and unprotected speech; it does not punish speech based on its content alone. *See Ex parte Wheeler*, 478 S.W.3d at 93–94 (gravamen of offense of solicitation is conduct of soliciting sexual conduct from minors); *Maloney v. State*, 294 S.W.3d 613, 625–29 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (holding section 33.021(c) is conduct-based, not content-based); *see also Ex parte Spies*, No. 01-14-00925-CR, 2016 WL 1449343, at \*2–4 (Tex. App.—Houston [1st Dist.] Apr. 12, 2016, no pet.) (mem. op., not designated for publication); *Ex parte Moy*, 523 S.W.3d at 835–36. And appellant concedes as much in his brief. We therefore conclude that because Texas Penal Code section 33.021(c) does not constitute a content-based regulation, we must presume Texas Penal Code section 33.021(c)'s validity and, as a result, appellant bears the burden of proving the unconstitutionality of the statute. *See Ex parte Wheeler*, 478 S.W.3d at 93–94; *see also Ex parte Moy*, 523 S.W.3d at 835–36; *Maloney*, 294 S.W.3d at 626. Within this framework we address appellant's remaining arguments. *See, e.g.*, *Ex parte Victorick*, 2014 WL 2152129, at \*4.

We overrule appellant's second issue.

## C. Overbreadth

In his first issue and a portion of his fifth issue, appellant argues that the trial court erred in denying him habeas relief because Texas Penal Code section 33.021(c)

12

violates the First Amendment to the United States Constitution as it is "unconstitutionally overbroad." *See* U.S. CONST. amend. I.

A statute is facially invalid under the First Amendment's overbreadth doctrine if it prohibits a "substantial" amount of protected speech "judged in relation to the statute's plainly legitimate sweep." *Ex parte Lo*, 424 S.W.3d at 18 (quoting *Virginia v. Hicks*, 539 U.S. 113, 118–19 (2003)); *see also Broadrick*, 413 U.S. at 615; *Ex parte Wheeler*, 478 S.W.3d at 94. "Thus, the overbreadth doctrine prohibits the government from 'banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process.'" *Wagner v. State*, 539 S.W.3d 298, 310 (Tex. Crim. App. 2018) (quoting *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 255 (2002)); *Ex parte Sauder*, 564 S.W.3d 203, 212–13 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). An overbreadth claimant bears the burden of demonstrating from the text of the statute and from actual fact that substantial overbreadth exists. *Hicks*, 539 U.S. at 122. This burden is a heavy one: the overbreadth doctrine is "strong medicine" to be employed sparingly and only as a last resort. *Ex parte Sauder*, 564 S.W.3d at 213 (internal quotations omitted); *Ex parte Moy*, 523 S.W.3d at 836. A statute will not be invalidated for overbreadth just because it is possible to imagine some unconstitutional application. *Ex parte Sauder*, 564 S.W.3d at 213; *Ex parte Wheeler*, 478 S.W.3d at 94.

In his amended application for a writ of habeas corpus, appellant asserted that section 33.021(c) is overbroad under the First Amendment because it "forbids a substantial amount of speech that is protected under the First Amendment." But we and our sister appellate courts have rejected appellant's overbreadth argument and have held that Texas Penal Code section 33.021(c) is not unconstitutionally overbroad. *See Ex parte Wheeler*, 478 S.W.3d at 94–95; *Maloney*, 294 S.W.3d at 625–28; *see also Mahmoud*, 2019 WL 1461067, at *1–4; *Sturdivant v. State*, No. 11-16-00172-CR, 2018 WL 3061402, at *1–2 (Tex. App.—Eastland June 21, 2018, pet. ref'd) (mem. op., not designated for publication); *Swenson v. State*, No. 09-16-00142-CR, 2017 WL 6062128, at *1 (Tex. App.—Beaumont Dec. 6, 2017, no pet.) (mem. op., not designated for publication); *Delacruz*, 2017 WL 2822513, at *1, *3–4; *Ex parte Rodriguez-Gutierrez*, No. 04-16-00805-CR, 2017 WL 2791317, at *1, *3 (Tex. App.—San Antonio June 28, 2017, no pet.) (mem. op., not designated for publication); *Ex parte Moy*, 523 S.W.3d at 836–38 (rejecting same overbreadth argument made by appellant in this case); *Ganung v. State*, 502 S.W.3d 825, 826–28 (Tex. App.—Beaumont 2016, no pet.); *Parker v. State*, No. 03-15-00755-CR, 2016 WL 3974612, at *1–2 (Tex. App.—Austin July 19, 2016, pet. ref'd) (mem. op., not designated for publication); *Ex parte Ingram*, No. 04-15-00459-CR, 2016 WL 1690493, at *4–5 (Tex. App.—San Antonio Apr. 27, 2016) (mem. op., not designated for publication), *aff'd*, 533 S.W.3d 887 (Tex. Crim. App. 2017); *Salgado*,

14

492 S.W.3d at 395–97; *Leax v. State*, Nos. 09-14-00452-CR, 09-14-00453-CR, 2016 WL 1468042, at *1–2 (Tex. App.—Beaumont Apr. 13, 2016) (mem. op., not designated for publication), *aff'd*, 541 S.W.3d 126 (Tex. Crim. App. 2017); *Elzarka v. State*, No. 09-15-00078-CR, 2016 WL 1468173, at *1–3 (Tex. App.—Beaumont Apr. 13, 2016, no pet.) (mem. op., not designated for publication); *Mower v. State*, No. 03-14-00094-CR, 2016 WL 1426517, at *2–4 (Tex. App.—Austin Apr. 7, 2016, no pet.) (mem. op., not designated for publication); *Ex parte Goetz*, No. 09-15-00409-CR, 2016 WL 1267867, at *1–2 (Tex. App.—Beaumont Mar. 30, 2016, pet. dism'd) (mem. op., not designated for publication); *Ex parte Mahmoud*, No. 09-15-00424-CR, 2016 WL 1267882, at *1–2 (Tex. App.—Beaumont Mar. 30, 2016, pet. ref'd) (mem. op., not designated for publication); *Alvarez*, 2016 WL 859363, at *1, *3; *Chapman*, 2016 WL 859366, at *1, *3; *Radford v. State*, No. 11-15-00108-CR, 2016 WL 859478, at *1, *3 (Tex. App.—Eastland Mar. 3, 2016, pet. ref'd) (mem. op., not designated for publication); *Paquette*, 487 S.W.3d at 288–91; *Ex parte Fisher*, 481 S.W.3d at 416, 419–20; *Ex parte Victorick*, 2014 WL 2152129, at *1–6 (rejecting appellant's exact overbreadth argument).

Relying on our previous analysis and that of our sister appellate courts, we hold that section 33.021(c) is not unconstitutionally overbroad and the trial court did not err in denying appellant habeas relief on this basis.

We overrule appellant's first issue and the aforementioned portion of his fifth issue.

**D.     Vagueness**

In another portion of his fifth issue, appellant argues that the trial court erred in denying him habeas relief because Texas Penal Code section 33.021(c) violates the Fifth and Fourteenth Amendments to the United States Constitution as it is "unconstitutionally vague." *See* U.S. CONST. amends. V, XIV.

Under the void-for-vagueness doctrine, a statute will be invalidated if it fails to give a person of ordinary intelligence a reasonable chance to know what conduct is prohibited. *See State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006); *Ex parte Moy*, 523 S.W.3d at 838; *Ex parte Wheeler*, 478 S.W.3d at 96. A statute is not unconstitutionally vague just because the words or terms employed in the statute are not defined. *See Engelking v. State*, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988); *Ex parte Moy*, 523 S.W.3d at 838; *Ex parte Wheeler*, 478 S.W.3d at 96. When a statute uses words that it does not otherwise define, we will give the words their plain meaning. *See Parker v. State*, 985 S.W.2d 460, 464 (Tex. Crim. App. 1999); *Ex parte Moy*, 523 S.W.3d at 838; *Ex parte Wheeler*, 478 S.W.3d at 96.

In his amended application for a writ of habeas corpus, appellant asserted that section 33.021(c) is unconstitutionally vague because it "forbids 'solicitation' that is not intended to result in a meeting" and "[m]en of common intelligence must

necessarily guess at its meaning and differ as to its application."[6] Again, we and our sister appellate courts have rejected appellant's vagueness argument and have held that Texas Penal Code section 33.021(c) is not unconstitutionally vague. *See Ex parte Wheeler*, 478 S.W.3d at 96; *Maloney*, 294 S.W.3d at 625, 628–29; *see also Sturdivant*, 2018 WL 3061402, at *1, *2; *Swenson*, 2017 WL 6062128, at *1; *Ex parte Rodriguez-Gutierrez*, 2017 WL 2791317, at *1, *3; *Ex parte Moy*, 523 S.W.3d at 838–39 (rejecting same vagueness argument made by appellant in this case); *Ganung*, 502 S.W.3d at 826–28; *Parker*, 2016 WL 3974612, at *1–2; *Ex parte Ingram*, 2016 WL 1690493, at *4, *6–7; *Salgado*, 492 S.W.3d at 395–97; *Leax*, 2016 WL 1468042, at *1–2; *Elzarka*, 2016 WL 1468173, at *1–3; *Mower*, 2016 WL 1426517, at *2, *4–5; *Ex parte Goetz*, 2016 WL 1267867, at *1–2; *Ex parte Mahmoud*, 2016 WL 1267882, at *1–2; *Alvarez*, 2016 WL 859363, at *1, *3; *Chapman*, 2016 WL 859366, at *1, *3; *Radford*, 2016 WL 859478, at *1, *3; *Paquette*, 487 S.W.3d at 288–90; *Ex parte Fisher*, 481 S.W.3d at 416, 420–21; *Ex*

---

[6] To the extent that appellant, on appeal, attempts to raise any additional arguments related to the purported vagueness of Texas Penal Code section 33.021(c), we hold that they are not preserved for our review because appellant did not raise them in his amended application for a writ of habeas corpus. *See* TEX. R. APP. P. 33.1(a); *Ex parte Perez*, 536 S.W.3d 877, 880 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Ex parte Bui*, 983 S.W.2d 73, 76 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see also Ex parte Moy*, 523 S.W.3d 830, 834, 838 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (appellant did not preserve certain arguments related to purported vagueness of Texas Penal Code section 33.021(c)).

*parte Victorick*, 2014 WL 2152129, at \*1–6 (rejecting appellant's exact vagueness argument); *Ex parte Zavala*, 421 S.W.3d at 231–32.

Relying on our previous analysis and that of our sister appellate courts, we hold that section 33.021(c) is not unconstitutionally vague and the trial court did not err in denying appellant habeas relief on this basis.

We overrule this portion of appellant's fifth issue.

## E.      Dormant Commerce Clause

In his eighth issue, appellant argues that the trial court erred in denying him habeas relief because Texas Penal Code section 33.021(c) violates the Dormant Commerce Clause of the United States Constitution. *See* U.S. CONST. art. I, § 8, cl. 3.

The Constitution of the United States empowers Congress to regulate commerce among the states. *Id.* Along with the express grant of authority to Congress, the United States Supreme Court has interpreted the Commerce Clause as an implicit restriction on the States' power to regulate interstate commerce even without any conflicting federal regulation. *United Haulers Ass'n v. Oneida– Herkimer Solid Waste Mgmt. Auth.*, 550 U.S. 330, 338 (2007). A state statute violates this implicit restriction, known as the Dormant Commerce Clause,[7] if it

---

[7]      *See Ex parte Bradshaw*, 501 S.W.3d 665, 678 n.11 (Tex. App.—Dallas 2016, pet. ref'd) (explaining "[t]he clause is 'dormant' because it is nowhere to be found in the express language of Article I, [s]ection 8 of the [United States] Constitution").

18

discriminates on its face against interstate commerce by providing differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter. *Id.*; *see also Comptroller of Treasury of Md. v. Wynne*, 135 S. Ct. 1787, 1794 (2015) ("Under our precedents, the [D]ormant Commerce Clause precludes States from discriminat[ing] between transactions on the basis of some interstate element." (second alteration in original) (internal quotations omitted)).

The United States Supreme Court has established a balancing test to determine whether a burden on interstate commerce imposed by a statute is excessive in relation to putative local benefits. *See Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970); *Ex parte Wheeler*, 478 S.W.3d at 97. When the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on this commerce is excessive in relation to the putative local benefits. *Huron Portland Cement Co. v. City of Detroit*, 362 U.S. 440, 443 (1960); *Ex parte Wheeler*, 478 S.W.3d at 97. If a legitimate local purpose is found, then the question becomes one of degree. *Ex parte Wheeler*, 478 S.W.3d at 97. And the extent of the burden that will be tolerated depends on the nature of the local interest involved and whether the purpose could be promoted as well with a lesser impact on interstate activities. *Pike*, 397 U.S. at 142; *Ex parte Wheeler*, 478 S.W.3d at 97.

In his amended application for a writ of habeas corpus, appellant asserted that section 33.021(c) violates the Dormant Commerce Clause because "it unduly burdens interstate commerce by attempting to place regulations on the entirety of the Internet." We and our sister appellate courts have rejected appellant's argument and have held that section 33.021 does not violate the Dormant Commerce Clause. *See Ex parte Wheeler*, 478 S.W.3d at 96–97; *see also Sturdivant*, 2018 WL 3061402, at *1–2; *Swenson*, 2017 WL 6062128, at *1; *Delacruz*, 2017 WL 2822513, at *1, *5; *Ex parte Rodriguez-Gutierrez*, 2017 WL 2791317, at *1, *4; *Ex parte Moy*, 523 S.W.3d at 839–40 (rejecting same dormant-commerce-clause argument made by appellant in this case); *Parker*, 2016 WL 3974612, at *2–3; *Ex parte Ingram*, 2016 WL 1690493, at *4, *7; *Leax*, 2016 WL 1468042, at *1–2; *Ex parte Goetz*, 2016 WL 1267867, at *1–2; *Ex parte Mahmoud*, 2016 WL 1267882, at *1–2; *Alvarez*, 2016 WL 859363, at *1, *4; *Chapman*, 2016 WL 859366, at *1, *4; *Radford*, 2016 WL 859478, at *1, *4; *Paquette*, 487 S.W.3d at 288, 291; *Ex parte Fisher*, 481 S.W.3d at 416, 421–22.

Relying on our previous analysis and that of our sister appellate courts, we hold that Texas Penal Code section 33.021(c) does not violate the Dormant Commerce Clause of the United States Constitution and the trial court did not err in denying appellant habeas relief on this basis.

We overrule appellant's eighth issue.

## Conclusion

We affirm the order of the trial court.

Julie Countiss
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish. Tex. R. App. P. 47.2(b).